IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUAN RIVERA,<br><br>                 Plaintiff,<br><br>    v.<br><br>SUPT. PHIL CLINE, Chief of Police, *et al.*,<br><br>                 Defendants. | Case No. 05 C 3648<br><br>Hon. Harry D. Leinenweber |

## MEMORANDUM OPINION AND ORDER

The Plaintiff, Juan Rivera, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Chicago Police Superintendent Phil Cline, and Chicago Police Officers Patrick Kearns, Michael Yzaguirre, Lorne Porter, and Elizabeth Garvey. Superintendent Phil Cline was dismissed from the case on October 18, 2005. (Dkt. No. 37.) The Plaintiff named Chicago Police Officers Lorne Porter and Elizabeth Garvey as additional Defendants in his Amended Complaint filed on September 28, 2005. (Dkt. No. 22.) Among other claims, the Plaintiff claims that Officers Patrick Kearns and Michael Yzaguirre violated his civil rights by failing to provide him with adequate medical treatment, as well as food and water. Defendant Officers Kearns and Yzaguirre have filed a Motion for Summary Judgment to which the Plaintiff has responded. For the following reasons, the Court grants Defendants Officers Kearns and Yzaguirre's Motion for Summary Judgment and dismisses them from this action.

## I. **SUMMARY JUDGMENT STANDARDS**

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56©; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Prime Northgate Plaza Ltd. Partnership v. Lifecare Acquisitions Corp.*, 985 F. Supp. 815, 817 (N.D. Ill. 1997). In determining whether factual issues exist, the Court must view all the evidence and draw all reasonable inferences in the light most favorable to the non-moving party. *Walker v. Northeast Regional Commuter Railroad Corp.*, 225 F.3d 895, 897 (7th Cir. 2000).

However, Rule 56© "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Chiaramonte v. Fashion Bed Group, Inc.*, 129 F.3d 391, 393 (7th Cir. 1997).

## II. FACTS

The following facts are uncontested for purposes of this motion:

The Plaintiff is a state prisoner confined at the Big Muddy River Correctional Center. (*See* Juan Rivera ("Rivera") Affidavit, ¶ 1.) Defendant Patrick Kearns is employed by the Chicago Police Department as a police officer in the 23rd District. (Patrick Kearns's ("Kearns") Aff., ¶ 5.) Defendant Michael Yzaguirre is employed by the Chicago Police Department as a police officer in the 23rd District. (Michael Yzaguirre's (Yzaguirre) Aff., ¶ 2.)

On January 3, 2005, the Plaintiff was arrested for possession of a controlled substance. (Def.'s LR56.1(a)(3) St., ¶ 4.) He was arrested at approximately 8:15 a.m. on January 3, 2005 at his residence by Defendant Officers Porter and Garvey. (*Id.*, ¶¶ 5-6.) Other unknown police officers arrived at the scene of the arrest after the Plaintiff was taken into custody. (*Id.*, ¶¶ 13-14.) When Defendant Officers Kearns and Yzaguirre arrived at the scene of the arrest, the Plaintiff was already outside of his apartment building, handcuffed, and being led to a transport vehicle. (*Id.*, ¶ 15.) Defendant Officers Kearns and Yzaguirre had no conversation or physical contact with the Plaintiff at the scene of the arrest. (*Id.*, ¶ 16.)

The Plaintiff was transported from the scene of the arrest to the 23rd District Police Station for processing and remained there

for about one hour. (Def.'s LR56.1(a)(3) St., ¶¶ 17, 18.) Defendant Officers Kearns and Yzaguirre did not transport the Plaintiff from his apartment to the 23rd District Police Station. (*Id.*, ¶ 17.)

At the 23rd District Police Station, Defendant Officers Kearns and Yzaguirre assisted Defendant Officers Porter and Garvey with paperwork pertaining to the Plaintiff's arrest. (Def.'s LR56.1(a)(3) St., ¶ 19.) Defendant Officers Kearns and Yzaguirre had no conversation or physical contact with the Plaintiff at the 23rd District Police Station. (*Id.*, ¶ 20.)

Once the Plaintiff's paperwork was completed at the 23rd District Police Station, he was transported to the 19th District Police Station because there was no operational lock-up facility at the 23rd District Police Station. (The Plaintiff mistakenly refers to the 19th District Police Station as the 24th District Police Station.) (Rivera Dep. at 68: 15-17.) The police station located at 2452 West Belmont Avenue, near the intersection of Belmont and Western Avenues, is not the 24th District Police Station, but was the 19th District Police Station on January 3, 2005. (Def.'s LR 56.1(a)(3) St., ¶ 26; Def.'s Mem. at 2 n.1.)(Def.'s LR56.1(a)(3) St., ¶¶ 21, 22, 26.) The Plaintiff did not have contact with the police officers who transported him. (*Id.*, ¶ 21.) Upon arriving at the 19th District Police Station, the Plaintiff was taken to the lock-up facility at that station. (*Id.*, ¶ 22.) The Plaintiff

subsequently told someone in the lock-up facility at the 19th District Police Station that he was feeling ill. (*Id.*, ¶ 23.) While he was in his cell, the Plaintiff was getting really sick and told one of the lock-up keepers named "Patrick" that he needed to change his cell because there was no water and that he needed medication. (*Id.*, ¶ 24.) The Plaintiff identified Defendant Officers Kearns and Yzaguirre as those individuals present at the 19th District Police Station who were responsible for checking on the lock-up cells. (*Id.*, ¶ 25.)

Defendant Officer Kearns and Yzaguirre were neither assigned to the 19th District Police Station nor worked in the 19th District Police Station's lock-up facility on January 3, 2005. (Def.'s LR56.1(a)(3) St., ¶¶ 27, 30.) The Plaintiff never requested any medical care, food, or water from Defendant Officers Kearns and Yzaguirre. (*Id.*, ¶¶ 28, 31.) Moreover, Defendant Officers Kearns and Yzaguirre never denied the Plaintiff medical care, food, or water. (*Id.*, ¶¶ 29, 32.)

The Plaintiff identified Defendant Officer Kearns as medium height, African-American, and very thin. (Def.'s LR56.1(a)(3) St., ¶ 33.) Defendant Kearns, however, is Caucasian; five feet, seven inches tall; and weighed approximately 210 pounds on January 3, 2005. (*Id.*, ¶¶ 34-35.)

## III. **DISCUSSION**

Defendant Officers Kearns and Yzaguirre move for summary judgment contending that there is no genuine issue of material fact because they were not personally involved in any of the alleged constitutional violations claimed by the Plaintiff. The Court agrees and finds that Defendant Officers Kearns and Yzaguirre are entitled to judgment as a matter of law.

In a civil rights action, the plaintiff must prove that the defendant personally participated in, or caused the unconstitutional actions. *Duncan v. Duckworth*, 644 F.2d 653, 655 (7th Cir. 1981); *Alejo v. Heller*, 328 F.3d 930, 936 (7th Cir. 2003). "Section 1983 creates a cause of action based upon personal liability and predicated upon fault. An *individual* cannot be held liable in a § 1983 action unless he caused or participated in an alleged constitutional deprivation." *Wolfe-Lillie v. Sonquist*, 699 F.2d 864, 869 (7th Cir. 1983)(citations omitted). (Emphasis in Original).

In this case, the undisputed facts show that Defendant Officers Kearns and Yzaguirre could not have personally participated in or caused the alleged constitutional deprivations because they were not present at the 19th District Police Station, the police station where the Plaintiff claims the violations occurred on January 3, 2005. The Plaintiff has produced no facts to rebut any of the material facts set forth in the Defendants'

Local Rule 56.1(a)(3) Statement of Facts. The additional facts produced by the Plaintiff are immaterial and do not raise a genuine issue of material fact as to the Defendants' Motion for Summary Judgment. Specifically, Defendant Officers Kearns and Yzaguirre were neither assigned to the 19th District Police Station nor worked in the 19th District Police Station's lock-up facility on January 3, 2005. (Def.'s LR56.1(a)(3) St., ¶¶ 27, 30.) Rather, Defendant Officers Kearns and Yzaguirre were assigned to work the 23rd District's Tactical Team B as uniformed patrol officers on that day. (Kearns' Aff., ¶ 6; Yzaguirre Aff., ¶ 3.) In that capacity, Defendant Officers Kearns and Yzaguirre assisted Defendant Officers Porter and Garvey with paperwork pertaining to the Plaintiff's arrest; however, Defendant Officers Kearns and Yzaguirre had no conversation or physical contact with the Plaintiff either at the scene of the arrest or at the 23rd District Police Station. (Def.'s LR56.1(a)(3) St., ¶¶ 16, 19, 20.) Moreover, Defendant Officers Kearns and Yzaguirre did not transport the Plaintiff from the scene of the arrest to the 23rd District Police Station. (*Id.*, ¶ 17.)

Because Defendant Officers Kearns and Yzaguirre were not present at the 19th District Police Station, the Plaintiff never asked them for medical care, food, or water. (Def.'s LR56.1(a)(3) St., ¶¶ 28, 31.) Thus, while the Plaintiff claims to have asked the 19th District Police Station lock-up keepers for medical care,

Local Rule 56.1(a)(3) Statement of Facts. The additional facts produced by the Plaintiff are immaterial and do not raise a genuine issue of material fact as to the Defendants' Motion for Summary Judgment. Specifically, Defendant Officers Kearns and Yzaguirre were neither assigned to the 19th District Police Station nor worked in the 19th District Police Station's lock-up facility on January 3, 2005. (Def.'s LR56.1(a)(3) St., ¶¶ 27, 30.) Rather, Defendant Officers Kearns and Yzaguirre were assigned to work the 23rd District's Tactical Team B as uniformed patrol officers on that day. (Kearns' Aff., ¶ 6; Yzaguirre Aff., ¶ 3.) In that capacity, Defendant Officers Kearns and Yzaguirre assisted Defendant Officers Porter and Garvey with paperwork pertaining to the Plaintiff's arrest; however, Defendant Officers Kearns and Yzaguirre had no conversation or physical contact with the Plaintiff either at the scene of the arrest or at the 23rd District Police Station. (Def.'s LR56.1(a)(3) St., ¶¶ 16, 19, 20.) Moreover, Defendant Officers Kearns and Yzaguirre did not transport the Plaintiff from the scene of the arrest to the 23rd District Police Station. (*Id.*, ¶ 17.)

Because Defendant Officers Kearns and Yzaguirre were not present at the 19th District Police Station, the Plaintiff never asked them for medical care, food, or water. (Def.'s LR56.1(a)(3) St., ¶¶ 28, 31.) Thus, while the Plaintiff claims to have asked the 19th District Police Station lock-up keepers for medical care,

food, and water, he did not make these requests to Defendant Officers Kearns and Yzaguirre. Accordingly, Defendant Officers Kearns and Yzaguirre never denied the Plaintiff medical care, food, or water so they could not have personally participated in or caused the alleged constitutional deprivations. (*Id.*, ¶¶ 29, 32.)

Defendant Officers Kearns and Yzaguirre also correctly point out that the lock-up keeper the Plaintiff identifies as "Patrick" is, in fact, not Defendant Officer Patrick Kearns because the individual identified by the Plaintiff was medium height, African-American and very thin whereas Defendant Officer Kearns is Caucasian, five-feet, seven inches tall and weighed approximately 210 pounds on January 3, 2005. (Def.'s LR56.1(a)(3) St., ¶¶ 33-35.)

Although the Plaintiff claims he is also suing Defendant Officers Kearns and Yzaguirre in their official capacities, he has made no showing of an official policy, custom, or practice. *Monell v. Dep't. of Social Servs.*, 436 U.S. 658, 694 (1978). Moreover, Defendant Officers Kearns and Yzaguirre are not policymakers. *Franklin v. City of Evanston*, 384 F.3d 838, 843 (7th Cir. 2004); *see also Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 735 (7th Cir. 1994).

In sum, the court finds that there are no disputed material facts as to whether Defendant Officers Kearns and Yzaguirre personally participated in the alleged constitutional violations.

The Court therefore concludes that Defendant Officers Kearns and Yzaguirre are entitled to judgment as a matter of law.

## IV. <u>CONCLUSION</u>

For the reasons stated herein, the Court grants Defendant Officers Patrick Kearns and Michael Yzaguirre's Motion for Summary Judgment and dismisses them from this action.

The remaining Defendant Officers Lorne Porter and Elizabeth Garvey are given 20 days to answer or otherwise plead to the amended complaint.

**IT IS SO ORDERED.**

                                              Harry D. Leinenweber, Judge
                                              United States District Court

**DATE:**     February 8, 2007